JANVIER, Judge.
This suit for damages results from an automobile collision in which a truck owned by Joseph L. Bye, which was standing stationary in a parking area near commercial establishments in Jefferson Parish, was backed into by a sedan owned by Marvin Price who is not a party to this suit.
Mrs. Bye was getting into her husband’s truck when the other car was backed into the door through which she was entering, and she sustained physical injuries and the truck was damaged.
Mr. and (Mrs. Bye then brought this suit against Mr. and Mrs. Paul Schurmann, alleging that, at the time of the occurrence, Mrs. Schurmann was operating the car of Price, that the accident was caused by the negligence of Mrs. Schurmann, and that she and Mr. Schurmann are therefore soli-darily liable for the damage sustained — she because of her negligence, and.Mr. Schur-mann as head and master of the community which existed between them since at the time Mrs. Schurmann, according to the allegations of plaintiffs, was operating the car on a community mission.
To this petition Mr. and Mrs. Schur-mann filed answer, denying all of the al *912 legations of plaintiffs except that amicable demand had been made, and making the special .averment that Mrs. Schurmann “was not on a- community mission, but was driving an automobile which belonged to a third person and was simply taking a pleasure ride at the time the accident ocr curred,' without the consent- or knowledge of 'defendant, Paul Schurmann.”
Thereafter the defendants filed a supplemental and amended answer in which they asked to strike from the original answer the above quoted averment. No objection was made -to the filing of this amended answer 'and the matter - went to trial without any protest or objection to the elimination of the quoted averment.
In the District Court there was judgment in favor of defendants, the Judge a quo stating in his reasons for judgment that the plaintiffs,had not only failed to prove that the defendant, Mrs. Schurmann, was driving the car at the, time, but that they, “to the contrary, did prove to the satisfaction of the Court that someone else was the. driver of said automobile and that she (Mrs. Schurmann) was merely a passenger therein, * * *.”
It was conceded by counsel for defendants that the driver of the Price car, whoever .was the driver, was solely at fault, consequently there were presented in the District Court, and there are presented here, only three questions for determination: First, whether Mrs. Schurmann was driving the car, second, if she was driving the' car, whether the circumstances were such that it should be held that she was driving it on a community mission, and third, if it may be held that there is liability in defendants, what was the extent of the physical injuries sustained by Mrs. Bye'and what was the extent of the damage to the Bye truck.
The evidence as to who was-at the wheel of the Price car is quite, contradictory and there is much which at least justifies the suspicion that Mrs. Schurmann was driving it" In the'first place,’ we again direct 'attention to the averment in the original answer to the effect that Mrs. Schurmann was not on a community mission but “was driving” a car which belonged to a third person.. In addition to this averment the record' leaves no doubt at all that immediately after the accident -Mrs. Schurmann told the occupants of the Bye truck that she was driving the Price car and she made this same statement to the police officers who were summoned and who investigated the occurrence.. It is also shown that sometime later in the office of the then attorney for Mr. and Mrs. Bye, Mrs. Schurmann again stated that she had been operating the Price car at the time of the accident and that she would be responsible for the damage.
Both Mr. and Mrs. Bye testified that immediately after the accident Mrs. Schur-mann alighted from the Price sedan and’ that in doing so she got out from the left front door and “from back of the wheel”.
How then did the District Judge reach the conclusion that Mrs. -Schurmann was-not driving the Price car ? Her explanation is that Mr. Price was her brother-in-law, Mrs. Price being her sister, and that the Prices had driven from Florida to New Orleans in their car and that Mr. Price had no driver’s license, having been refused one in Florida. Mrs. Schurmann stated that, under these circumstances, she thought, it would be best for her to assume responsibility in order to shield Price and that Price agreed that if she would do this, he-would indemnify her for any loss she might sustain. She said that “it seemed like a. good idea at the time, under the circumstances.” She said that later, after the-Prices had departed and it seemed that she had gotten herself into difficulties as a result of her admission that she had been driving the car, she called on the police and attempted to have them change her statement but that they refused to do so, and that accordingly, since she could not change the police record, she thought it might be best to tell her husband that she had been driving the car, and it is explained that it was-as a result of this that Mr. Schurmann, *913 when he called on the' attorneys to have them prepare the answer, told them that Mrs. Schurmann had been driving the car and that later, when Mrs. Schurmann admitted that she had “lied”, they then consulted the attorneys and, as a result, the amendment was filed in which it was attempted to eliminate from the original answer the statement that Mrs. Schurmann had been driving the car.
It is 'evident that sometimes on occasions such as this, where the driver of an automobile is not in possession of a driver’s license, others in the car think it advisable to attempt to protect him, for this same procedure was followed in Young v. New Orleans Public Service, Inc., La.App., 35 So.2d 881, 883, in which the driver of the automobile did not have a driver’s license and a passenger, who was seated next to him, "assumed a position under the steering wheel.”
The statement of Mrs. Schurmann that she was not driving is corroborated by her ten year old daughter who was in the car and who says that her mother was seated in the back with her and that her Uncle Marvin was driving.
The testimony of this little girl is criti-cised by counsel for plaintiffs who say that evidently the little girl had been coached since her first answer, in which she said that her mother was seated on the rear seat, was not responsive to the question which had been asked. The question was: “Honey, were you with your mother when she had an automobile accident several months ago?” To this question she answered: "Me and mamma and Virgil was all sitting in the back.”
Counsel say that this spontaneous, unsolicited statement as to where her mother was seated could have resulted only from her having been told that it was important that it be shown that her mother was not driving the car. Counsel for plaintiffs also point to the fact that neither Mr. nor Mrs. Price was produced as a witness to testify that Mrs. Schurmann was not driving the car, and they say that the failure to produce either of these witnesses justifies the presumption that had they been produced they would have testified adversely to defendants.
It does seem strange that neither was produced since Mrs. Price was the sister of Mrs. Schurmann and Mr. Price, her husband, the brother-in-law. The explanation is that Price was a seaman and that neither Mr. nor Mrs. Schurmann could ever be certain as to where he could be located,
On this issue of fact, whether Mrs. Schurmann was driving the car, the evidence seems to preponderate against the contention of defendants, yet the District Judge obviously believed that Mrs. Schur-mann was not at the wheel, and in reaching this conclusion he must have placed reliance on the testimony of Mrs. Schurmann and on that of the little girl, who, though subjected to a severe though kindly cross-examination, did not waiver nor become confused and who stoutly maintained that her mother was not at the wheel but was seated in the rear of the car. Had the District Judge found for the plaintiffs on this issue, we would have had no difficulty in agreeing with his finding. However, in view of his conclusion on this factual issue, we cannot say that it is obvious from this record that he was incorrect. We hesitantly declare that his finding is not manifestly erroneous.
In view of the conclusion that Mrs. Schurmann was not driving the car, it is, of course, unnecessary to consider the other issues which would have been presented.
The judgment appealed from is affirmed at the cost of appellants.-
Affirmed.